J-S31042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GLENN BROOKS :
:
Appellant : No. 2388 EDA 2023

Appeal from the Judgment of Sentence Entered April 21, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007163-2021

BEFORE: BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED DECEMBER 17, 2024**

Glenn Brooks ("Brooks") appeals from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas ("trial court") following his conviction of simple assault.[1] On appeal, Brooks challenges the admission of two anonymous 9-1-1 calls under the excited utterance and present sense impression exceptions to the rule precluding hearsay testimony. After careful review, we affirm.

On July 24, 2021, Brooks had a physical altercation with his mother, Daphne Brooks ("Ms. Brooks"), and her friend, John London ("London"). At the time, Brooks lived in Ms. Brooks' house. Prior to the encounter, Ms. Brooks took several hundred dollars out of Brooks' wallet as payment for rent. On

---

[1] 18 Pa.C.S. § 2701(a).

the date in question, Brooks went into his mother's bedroom where Ms. Brooks was laying in bed and London was sitting on a chair. Brooks demanded that his mother return the money took from him before grabbing her and holding her neck in a headlock. After London intervened, Ms. Brooks fled from the bedroom to the front porch and Brooks assaulted London.

Brooks then left the bedroom and found Ms. Brooks on the porch. He punched Ms. Brooks on her head and mouth several times and stood over her in a threatening manner before fleeing the scene and hiding in a nearby yard. After Ms. Brooks called 9-1-1, police apprehended Brooks; he fought the officers as they attempted to arrest him.

The Commonwealth charged Brooks with numerous crimes, including aggravated assault, simple assault, and recklessly endangering another person. Prior to trial, the Commonwealth filed motions in limine to introduce the recordings of the two anonymous 9-1-1 calls made during the incident. During each call, the unidentified caller related that a man was beating up his mom on a porch and gave the address or general location of Ms. Brooks' home. The trial court granted the motions. Following trial, the jury found Brooks guilty on the charge of simple assault and not guilty on all other counts.

On April 21, 2023, the trial court sentenced Brooks to nine to eighteen months of incarceration, with immediate release for time served. Brooks filed a timely post-sentence motion, which the court denied. Brooks then filed a timely appeal.

On appeal, Brooks challenges the trial court's decision to admit the two anonymous 9-1-1 calls, each of which he contends was inadmissible hearsay evidence. *See* Brooks' Brief at 5. "An appellate court's standard of review of a trial court's evidentiary ruling, which includes rulings on admission of hearsay, is abuse of discretion." ***Commonwealth v. Rivera***, 238 A.3d 482, 492 (Pa. Super. 2020) (citation omitted). "Abuse of discretion is not merely an error of judgment, but rather where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." ***Commonwealth v. Bishop***, 936 A.2d 1136, 1143 (Pa. Super. 2007) (citation omitted).

"Hearsay is an out-of-court statement offered for the truth of the matter asserted." ***Rivera***, 238 A.3d at 492 (citation omitted). Hearsay is generally inadmissible in court unless it falls under an exception stated in the Pennsylvania Rules of Evidence. ***Id.***; ***see also*** Pa.R.E. 802.

Brooks first contends that the trial court erred in admitting an audio recording of an anonymous caller's 9-1-1 call (Trial Exhibit C-32) under the excited utterance exception to the rule prohibiting the admission of hearsay evidence.[2] Brooks' Brief at 7. Specifically, Brooks argues that there is no evidence that the anonymous caller witnessed or claimed to have witnessed the incident; rather, it was equally likely that the caller was told about the

_____

[2] In his brief, Brooks addresses the admissibility of each call separately. Based upon the nature of the claim raised and our disposition, we do the same.

incident by somebody else who then asked them to call 9-1-1. *Id.* at 11. Without evidence that the anonymous caller observed the event, Brooks argues the recording of the call was inadmissible as a matter of law. *Id.* at 13.

Pennsylvania Rule of Evidence 803(2), which contains the excited utterance exception, permits the admission of evidence that would otherwise be hearsay if it constitutes:

> A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused. When the declarant is unidentified, the proponent shall show by independent corroborating evidence that the declarant actually perceived the startling event or condition.

Pa.R.E. 803(2). An excited utterance is a

> spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person has just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties.

*Commonwealth v. Murray*, 83 A.3d 137, 157 (Pa. 2013) (citation omitted). "[T]here is no clear-cut rule as to the time sequence required for a statement to qualify as an excited utterance, but rather that fact-specific determination is to be made on a case-by-case basis" *Commonwealth v. Gray*, 867 A.2d 560, 570 (Pa. Super. 2005) (citation omitted); *see also* Pa.R.E. 803(2), cmt.

Thus, in determining whether a statement is admissible as an excited utterance, we must consider the following:

1) whether the declarant, in fact, witnessed the startling event; 2) the time that elapsed between the startling event and the declaration; 3) whether the statement was in narrative form (inadmissible); and 4) whether the declarant spoke to others before making the statement, or had the opportunity to do so. These considerations provide the guarantees of trustworthiness which permit the admission of a hearsay statement under the excited utterance exception. It is important to note that none of these factors, except the requirement that the declarant have witnessed the startling event, is in itself dispositive. Rather, the factors are to be considered in all the surrounding circumstances to determine whether a statement is an excited utterance.

*Commonwealth v. Keys*, 814 A.2d 1256, 1258 (Pa. Super. 2003) (emphasis, quotation marks, and citations omitted). As stated above, Brooks challenges only that the Commonwealth satisfied the first element to constitute an excited utterance, i.e., that the anonymous caller, in fact, saw Brooks striking his mother.

The record reflects that on July 24, 2021, Brooks engaged in a verbal and physical confrontation with Ms. Brooks and London because Brooks wanted money back that Ms. Brooks had taken from him as a rent payment. N.T., 3/7/2023, at 44-45. London stepped in when the confrontation became physical, and Brooks punched London in the face and beat him up. *See id.* at 47. Ms. Brooks fled to the porch, and Brooks followed her out and punched her in the head. *See id.* at 49. After she was punched, Ms. Brooks made a call to 9-1-1, timestamped at 3:58 p.m. N.T., 3/7/2023, at 72-73, 56. Shortly thereafter, at 4:04 p.m., an anonymous caller called 9-1-1 to report the same incident. N.T., 3/8/2023, at 44. During the call, the caller told the police to hurry because a man was beating up his mother. *Id.* The trial court

- 5 -

specifically noted that "from the tone of the caller and the urgent pleas for help, it is clear that the statements were made while under stress from observing the described events." **See** Trial Court Opinion, 12/20/2023, at 7.

The record supports the trial court's finding. We have listened to the 9-1-1 call, and both its timing and the tone of the caller's voice establishes that the caller experienced a startling event, namely, watching Brooks hitting Ms. Brooks, and that the caller made statement while under the stress of excitement, not as a reflection of what someone else may have told him. **See Commonwealth v. Hood**, 872 A.2d 175, 183 (Pa. Super. 2005) (stating that when the exact times of 9-1-1 calls are documented, and the calls are close in time to the occurrence of the event, it adds credence to the argument that the calls fall under an excited utterance exception). Further, there was corroborating evidence presented to support a finding that this caller witnessed the event, including another 9-1-1 call wherein another caller provided a similar description of Brooks' behavior almost immediately after the instant call, Ms. Brooks' own 9-1-1 call reporting the event just before this call, and the information provided to police by Ms. Brooks and London about what transpired. Accordingly, the trial court properly admitted the 9-1-1 call in question as an excited utterance; we find no abuse of discretion. We now turn to the recording of the second anonymous 9-1-1 call (Trial Exhibit C-33), which was admitted under the present sense impression exception to the rule against the admissibility of hearsay evidence. Brooks again contends that

there is nothing in the record to support that the Commonwealth met its burden of showing that the anonymous caller was witnessing the events as they unfolded. Brooks' Brief at 17. He argues that the caller states that they came back into the house, but does not state that they witnessed the event, and could have been told about the event when they were outside. *Id.*

The present sense impression hearsay exception states that "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it" is admissible. Pa.R.E. 803(1). Like the excited utterance exception, "when the declarant is unidentified, the proponent shall show by independent corroborating evidence that the declarant actually perceived the event or condition." *Id.*

The record reflects that Ms. Brooks called 9-1-1 from her porch, reporting that Brooks had punched her six or seven times. N.T., 3/7/2023, at 72-73. In her testimony, Ms. Brooks confirmed that she made the call after Brooks' assault. *Id.* at 56. The 9-1-1 call from Ms. Brooks is timestamped at 3:58 p.m. *Id.* The phone call in Exhibit C-33 was timestamped at 4:06 p.m. *Id.* at 44. In the recording, the caller states "This guy… he's beating his mom up so bad … on the porch … I'm in the house. I just came back in the house." Trial Court Opinion, 12/20/2023, at 7.[3]

---

[3] Our independent review of Trial Exhibit C-33 corroborates the trial court's recitation of the call.

The fact that the anonymous caller's 9-1-1 call was made eight minutes after Ms. Brooks' call, and the caller indicated she was back in the house when making the call, places this outside of the requirements of the present sense impression exception, as it was not made while viewing the events or immediately thereafter. *See* Pa.R.E. 803(1); *see also Commonwealth v. Stephens*, 74 A.3d 1034, 1037 (Pa. Super. 2013) (affirming inadmissibility of statement as the speaker "was not contemporaneously perceiving the [allegations] at the time of the intercepted phone call"). Therefore, we agree with Brooks that the audio recording of the second 9-1-1 call, Exhibit C-33, does not qualify under the present sense exception to the hearsay rule and should not have been admitted at trial.

Nevertheless, we conclude that the admission of this evidence was harmless error.

> Harmless error exists if the state proves either: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict.

*Commonwealth v. Burno*, 154 A.3d 764, 787 (Pa. 2017) (citation omitted).

Here, there was ample testimony from various witnesses, including Ms. Brooks and London, photographs, and the audio recordings from the two other 9-1-1 calls, corroborating the information contained in Exhibit C-33. *See*, N.T., 3/7/2023, at 47, 49 (Ms. Brooks testified that Brooks punched her in the

mouth); Trial Exhibit C-3 (Ms. Brooks' 9-1-1 call); N.T. 3/7/2023, at 105 (Detective Chim testified that Ms. Brooks had redness around her neck and what appeared to be a bruise); Trial Exhibit C-32 (the first anonymous 9-1-1 phone call). Because the information reported in Exhibit C-33 regarding Brooks' actions against his mother was cumulative to other, properly admitted evidence, we conclude that any error in its admission was harmless. *See Gray*, 867 A.2d at 571-73 (noting that a determination of whether victim's statements to the police were admissible under the present sense exception to the hearsay rule was not necessary; admission was harmless as it was merely cumulative to other properly admitted evidence). Therefore, Brooks is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/17/2024